

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

**AUSTIN 11, TEXAS**

XXWILLXWILSONXX
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mr. Reed:

Opinion No. 0-5154

Re: Whether, under the provisions
of S. B. 129, 48th Legislature,
Regular Session, a hearing is
necessary before an employer
may employ female employees
more than nine hours per day,
or fifty-four hours per week, as
outlined in Section 1.

We beg to acknowledge receipt of your inquiry with respect to the above-captioned subject matter, as follows:

"Attached you will find copy of Senate Bill 129 which was approved by Governor Coke R. Stevenson on March 18, 1943. This Bill became effective upon the Governor's signature, being passed in the Senate by 24 yeas and in the House by 117 yeas.

"The first five sections of this Act seem to be a reinactment of those laws that were repealed by this Act. In Section 6 provision is made that in time of war or when the President of the United States proclaims a state of national emergency to exist female workers in certain industries are exempt from the provisions of Sections 1, 2, 3, 4, 5 and 13 of the Act and may be employed not exceeding 10 hours per day, provided such hours of employment in such industry are not injurious to the health or morals of female employees, or working such hours does not add to the hazard of their occupation and such hours of employment are in the public interest.

"Nothing is stated in Section 6 providing for a public hearing to determine whether or not such hours of employment are injurious to the health or morals, add to the hazard of their occupation or whether or not such hours of employment are in the public interest.

"However, beginning with Section 7 there is outlined down through Section 11 a procedure whereby employers or one-third of female employees of employers coming within the jurisdiction of any of the Federal acts enumerated in Section 6 MAY apply to the Commissioner of the Bureau of Labor Statistics for a hearing under the terms of the Act.

"Will you please give me an opinion as to whether or not such hearing is required before an employer, coming within Section 6 of the Act, can employ female employees more than 9 hours per day or 54 hours per week as outlined in Section 1. Inasmuch as this Department has application from employers affecting approximately 100,000 female employees an early reply to this request will be appreciated."

The pertinent Sections of Sentate Bill 129 are as follows:

"Section 1. No female shall be employed in any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, beauty shop, road side drink and/or food vending establishment, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine (9) hours in any one calendar day, nor more than fifty-four (54) hours in any one calendar week.

"Sec. 6. In addition to the foregoing exemptions, in time of war and/or when the President of the United States proclaims a state of national emergency to exist, female workers employed in industries coming within the jurisdiction of the Fair Labor Standards Act of 1938 and amendments thereto, the Act of June 30, 1936, C. 881, 49 Statute 2036, U. S. Code, Supplement II, Title 41, Paragraph 35 - 45, as amended by Act of May 13, 1942, Public No. 552, 77th Congress, 2nd Session, commonly known as the Walsh-Healey Act, or the Act of March 3, 1931, C. 411, 46 Statute 1494, as amended August 30, 1935, C. 325, 49 Statute 1011, U. S. Code Title 40, Paragraph 276A and Supplement V, Title 40, Paragraph 276A-276A-6, commonly known as the Bacon-Davis Act, are exempted from the provisions of Sections 1, 2, 3, 4, 5 and 13 of this Act, and female workers in such industries may be employed not exceeding ten (10) hours per day provided such hours of employment in such industries are not injurious to the health or morals of female employees, or working such hours does not add to the hazards of their occupations and such hours of employment are in the public interest. Provided, however, that in time of war

and/or when the President of the United States proclaims a state of national emergency to exist, all female office employees of such employers coming within the purview of Section 6 hereof are exempt from the provisions of this Act.

"Sec. 7. Employers, or one-third (1/3) the female employees of employers, coming within the jurisdiction of any of the Federal Acts enumerated in Section 6 may apply to the Commissioner of Labor Statistics for a hearing under the terms of this Act, and it shall be the duty of the Commissioner of Labor Statistics, on the filing of the application, to designate a date for a hearing not later than thirty (30) days after the date of the receipt of the application; and he shall within five (5) days from the date of the receipt of such application, set a date for a hearing, and notify such applying employer or employees of such date; but for good cause shown by employer or employees, the Commissioner may postpone such hearing for as much as five (5) days, and he shall designate the place of such hearing, which may be anywhere in the State of Texas, but at a place convenient to the employer, employees and the Commissioner or any representative duly authorized by him for such purpose; and the Commissioner or his representative shall hold such hearing at the time and place designated.

"Sec. 8. When any employer shall apply for a hearing, such employer shall give notice of the application to the employees affected by posting notices in the plant, yard and/or place of business of such employer at places readily accessible to the affected employees and in such manner that the employees in the usual course of their employment shall have an opportunity to read and inspect such notices.

"Sec. 9. In time of war the Commissioner of Labor Statistics may, based upon private investigation and without notice or hearing, if he finds that the employment of female employees in any designated industry for ten (10) hours per day will not injure the health or morals and/or add to the hazards of their occupation, and that such hours of labor are in the public interest, file his findings as required herein, and make an order granting an exemption; and the employer affected shall be exempt for thirty (30) days from the provisions of this Act, during which time if further exemption is desired by employers affected, notice and hearing as provided herein shall be had as though no temporary

exemption had previously been in effect.

"Sec. 10. The employer's notice to employees required herein shall state that the application for a hearing is made, and the date which has been set for the hearing, and if an emergency exemption under the foregoing provisions of this Act is in effect insofar as the employer's business, trade, or industry is concerned, it shall state the date a hearing shall be had to extend the exemption for a period of six (6) months. The affidavit of an employer or an officer of an employer that such notice has been given shall be prima facie evidence that the notice provisions of this Act have been complied with. Failure to give such notice shall be sufficient cause to reject such application.

"Sec. 11. On the date designated for a hearing, the Commissioner of Labor Statistics, or his authorized representative, shall hold an informal hearing under such rules as the Commissioner of Labor Statistics may make, at which anyone interested may offer information; and if the Labor Commissioner finds as a matter of fact from the evidence presented that the employment of female workers in the business, trade, and/or industries concerned, for ten (10) hours per day is not injurious to the health or morals of the females employed therein and/or does not add to the hazards of their occupation, and that ten (10) hours per day of labor is in the public interest, he shall make written findings of such facts and file such with the Secretary of State, and draw an order granting such employer affected exemption from the provisions of Sections 1, 2, 3, 4, 5, and 13 herein for a period of six (6) months, which order shall be made within five (5) days after the conclusion of the hearing and shall be filed with the Secretary of State. Such orders of the Commissioner during wartime shall be extended at the end of six (6) months for a like period of six (6) months without further notice or hearing, unless prior to such automatic extension, a protest is filed with the Commissioner, notice of which protest is furnished to the employer, by a sufficient number of employees to lead the Commissioner to believe that there is no longer a necessity for such exemption. If he finds the facts adversely to the applicant, he will so state in his findings and no order will issue."

Upon a consideration of the entire bill, giving effect to each and every part thereof, as we should do, and especially to Sections 6, 7, 8, 9, 10 and 11 above quoted, we beg to advise as follows:

No employer contemplated in Section 6 of the Act may lawfully employ female employees, other than office employees, in time of war or when the President of the United States proclaims a state of National emergency to exist, more than nine hours per calendar day, or fifty-four hours per calendar week, without an order by the Commissioner of Labor Statistics granting that exemption. In other words, no such employer may, upon his own initiative, bring himself within an exemption of the requirements of Section 1 of the Act.

Such an order of exemption may be made by the Commissioner of Labor Statistics to such employer in time of war, based upon his private investigation and without notice or hearing, upon his finding that the employment of female employees in such designated industry for ten hours per day will not injure the health or morals and/or add to the hazards of their occupation, and that such hours of labor are in the public interest, which such order of exemption will be effective as to the particular employer for thirty days from the date thereof. (See Sec. 9)

Where the Commissioner has not acted upon his own initiative, an employer, or one-third of the female employees of an employer coming within the jurisdiction of any of the federal acts enumerated in Sec. 6 of the Act, may apply to the Commissioner of Labor Statistics for a hearing, whereupon it becomes the duty of the Commissioner to designate a place and time not later than thirty days for such hearing; and furthermore, making it the Commissioner's duty, or that of his representative, to hold such hearing. (See Sec. 7)

Sec. 8 requires notice to the employees where the application has been made by the employer. There is necessarily implied a requirement of notice to the employer where the application for hearing is by employees.

The Act contemplates that the Commissioner shall make his order upon such hearing, and if favorable to the employer, he would thus be brought within the exemption from the requirements of Section 1, otherwise he would not be exempt.

So, also, the Commissioner must hold a hearing and make a finding upon any requested extension of a thirty-days' order previously made by him upon his own initiative, under Sec. 9.

We trust that what we have said is a sufficient and satisfactory answer to your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_

Ocie Speer
Assistant

OS-MR

APPROVED MAR 29, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

Approved
Opinion
Committee
By _BWB_ .
Chairman